UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOA VAN DINH,<br><br>                    Petitioner,<br><br>       v.<br><br>F. GONZALEZ, et al.,<br><br>                    Respondents. | Civil No.   10-cv-130-BTM (POR)<br><br>**ORDER VACATING ORDER TO SHOW CAUSE, AND SETTING BRIEFING SCHEDULE** |

Petitioner, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On January 22, 2010, the Court ordered Respondents to respond to the Petition by filing either (1) a motion to dismiss "no later than **March 15, 2010**" or (2) an answer "no later than **March 29, 2010**." [Doc. 4 at 2](emphasis in original). Respondent did not file a response pursuant to either deadline, and as a result, the Court ordered Respondent to show cause for the failure to respond. [Doc. 5.]

On April 29, 2010, Respondent filed a Response to Order to Show Cause, representing that "the Office of the Attorney General had not received the Court's January 22, 2010 Order [to respond]." (Borzachillo Decl. [Doc. 8] at ¶ 5.) Based on this representation, and in the interest of resolving the issues raised in the Petition, the Court finds good cause to allow the filing of a response to the Petition. Accordingly, IT IS HEREBY ORDERED:

   1.   The Order to Show Cause is VACATED.

   2.   If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims, Respondent shall file a motion to dismiss pursuant to

Rule 4 of the Rules Governing § 2254 Cases no later than **June 8, 2010**. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which Respondent contends dismissal is warranted without reaching the merits of Petitioner's claims.[1] At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is <u>not</u> required for the motion to dismiss.

3. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **July 8, 2010**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

4. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

5. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **June 22, 2010**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

6. Petitioner may file a traverse to matters raised in the answer no later than **July 22, 2010**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

7. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition, or traverse, is due.

8. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

9. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

**DATED: May 19, 2010**

**LOUISA S PORTER**
**United States Magistrate Judge**

cc:   The Honorable Barry T. Moskowitz
      All parties