UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOA VAN DINH,<br><br>                Petitioner,<br><br>    v.<br><br>F. GONZALEZ, et al.,<br><br>                Respondents. | Civil No.   10-cv-130-BTM (POR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br>**[Doc. 12]** |

      Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] On June 22, 2010, Respondents filed an Answer to the Petition. [Doc. 10.] On July 12, 2010, Petitioner filed both a Traverse [Doc. 11] and a Motion for Appointment of Counsel [Doc. 12]. In his motion to appoint counsel, Petitioner represents that he "has no legal training or resources with which to better articulate his claim of a federal due process violation . . ." [Doc. 12 at 1.]

      The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

      In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to

1 appointed counsel unless the circumstances of a particular case indicate that appointed counsel is
2 necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at
3 728-29.  A due process violation may occur in the absence of counsel if the issues involved are too
4 complex for the petitioner.  In addition, the appointment of counsel may be necessary if the
5 petitioner has such limited education that he or she is incapable of presenting his or her claims.
6 Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

7 In the absence of counsel, however, "[t]he procedures employed by the federal courts are
8 highly protective of a pro se petitioner's rights," and "[t]he district court is required to construe a pro
9 se petition more liberally than it would construe a petition drafted by counsel." Knaubert, 791 F.2d
10 at 729 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent
11 standard) (per curiam)); Bashor, 730 F.2d at 1234.

12 Despite Petitioner's alleged lack of legal training and resources, Petitioner has sufficiently
13 represented himself to date.  The Petition, filed *pro se* and supported by clearly labeled exhibits to
14 support exhaustion of state court remedies, demonstrates that Petitioner has a good grasp of this case
15 and the legal issues involved.  Furthermore, the Petition was pleaded sufficiently to warrant this
16 Court's order directing Respondents to file a responsive pleading.  [Doc. 4.]  On July 12, 2010,
17 Petitioner filed a Traverse to Respondents' Answer, which adequately addresses the issues raised by
18 Respondents' Answer and includes citations to U.S. Supreme Court cases, a Ninth Circuit case, and
19 the transcript of his trial in state court.  [Doc. 11.]  At present, no further briefing is required of
20 Petitioner.  In light of the foregoing, the Court finds the interests of justice do not require the
21 appointment of counsel.  Petitioner's Motion for Appointment of Counsel is **DENIED** without
22 prejudice.

23 **IT IS SO ORDERED.**
24 **DATED: August 25, 2010**

25
26 _____
**LOUISA S PORTER**
**United States Magistrate Judge**
27
28  cc:    The Honorable Barry T. Moskowitz
              All parties